UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BILLY MURPHY,** ) | FILED: AUGUST 7, 2008 |
| ) | 08CV4481 |
| **Plaintiff,** ) | JUDGE ANDERSEN |
| ) | MAGISTRATE JUDGE VALDEZ |
| v. ) | NF |
| ) **Case No.** | |
| **BRIAN C. PRATSCHER, RUDOLPH V. BOOTH,** ) | |
| **KEVIN D. OSBORN, RITA M. CROTTY,** ) **Judge** | |
| **WILLIAM E. SWEENEY, IGNACIO HERNANDEZ,** ) | |
| **MICHAEL J. CHORBA, JOSEPH L. RODRIGUEZ,** ) **Magistrate Judge** | |
| **ANTHONY WEATHERS, MICHAEL C. BROWNE,** ) | |
| **JANELIA E. FREEMAN, VICTOR GUERRIERI,** ) **JURY TRIAL DEMANDED** | |
| **MARK W. DAMATO, BRIAN M. AZZARETTO,** ) | |
| **MIGUEL A. GONZALEZ, DEAN A. STONE,** ) | |
| **JUDITH G. MARTIN, and CITY OF CHICAGO,** ) | |
| ) | |
| **Defendants.** ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiff, BILLY MURPHY, by and through his attorney, Irene K. Dymkar, and complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

**JURISDICTION AND VENUE**

3.　　Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4.　　Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**PARTIES**

5.　　At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6.　　At all times herein mentioned, defendants BRIAN C. PRATSCHER, RUDOLPH V. BOOTH, KEVIN D. OSBORN, RITA M. CROTTY, WILLIAM E. SWEENEY, IGNACIO HERNANDEZ, MICHAEL J. CHORBA, JOSEPH L. RODRIGUEZ, ANTHONY WEATHERS, MICHAEL C. BROWNE, JANELIA E. FREEMAN, VICTOR GUERRIERI, MARK W. DAMATO, BRIAN M. AZZARETTO, MIGUEL A. GONZALEZ, DEAN A. STONE, and JUDITH G. MARTIN were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

7.　　Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On August 20, 2006, at approximately 12:30 PM, plaintiff, BILLY MURPHY, offered a woman money to take him to the South Side in her vehicle. The woman's vehicle was pulled over by defendant police officers at approximately 3300 W. 16th Street in Chicago, Illinois.

9. Defendant police officers were members of the ill-reputed Special Operations Section of the Chicago Police Department.

10. Defendants placed plaintiff in handcuffs and arrested him for armed robbery, possession of a stolen vehicle, and other charges. He was told that a robbery had been committed several hours earlier.

11. Defendant police officers caused false felony charges to be filed against plaintiff. Plaintiff was booked, processed, and charged with said crimes, and was wrongfully incarcerated.

12. Plaintiff remained wrongfully incarcerated for almost a year, until he was found not guilty after trial.

13. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

14. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

15. By reason of the above-described acts and omissions of the individual defendants, plaintiff were required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
**Plaintiff, BILLY MURPHY, Against Individual Defendants for False Arrest**

16. Plaintiff, BILLY MURPHY, incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

17. The seizure and arrest of plaintiff were without probable cause and unreasonable.

18. By reason of the conduct of the individual defendants, plaintiff, BILLY MURPHY, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
**Plaintiff, BILLY MURPHY, Against All Individual Defendants for Due Process Violations**

19. Plaintiff, BILLY MURPHY, incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

20. The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

21. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

22. By reason of the conduct of the individual defendants, plaintiff, BILLY MURPHY, was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT III
**Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution**

23. Plaintiff, BILLY MURPHY, incorporates and realleges paragraphs 1 – 17, as though set forth herein in their entirety.

24. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was no probable cause for the institution of criminal charges against plaintiff. The criminal proceedings were commenced and continued maliciously.

25. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false and perjured testimony and information under oath.

26. Plaintiff was wrongfully incarcerated for almost one year until he was found not guilty of all charges after trial.

27. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

28. The individual defendant police officers, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

29. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff, BILLY MURPHY, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

> A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,
>
> B. That defendants be required to pay plaintiff special damages,
>
> C. That defendants, except CITY OF CHICAGO, be required to pay the plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,
>
> D. That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,
>
> E. That defendants be required to pay plaintiff costs of the suit herein incurred, and
>
> F. That plaintiff be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUEST A TRIAL BY JURY.**

Dated: August 7, 2008                                          /s     Irene K. Dymkar
                                                                      Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123